### ZAMUTT, et ux v. MIAMI BEACH RAILWAY CO.

Circuit Court, Dade County.

May 15, 1952.

Hymen Lake, Miami Beach, for plaintiffs.

Blackwell, Walker & Gray, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

*May 6:* The attorneys for the parties are directed to appear before the undersigned judge in his chambers on Wednesday, May 14, 1952, at nine o'clock in the forenoon, to confer for the purposes of (a) simplifying the issues; (b) considering and determining the necessity for, or desirability of, amendments to the pleadings; (c) obtaining, if possible, admissions of fact and consent to the introduction in evidence of documents so that unnecessary testimony may be obviated and time conserved; (d) limiting the number of expert witnesses if the testimony of such experts is to be relied on; and (e) considering other matters and taking other steps to effect a prompt disposition of the case.

That the purposes of the conference may be accomplished it is requested that each party be represented by the attorney who expects to conduct the trial of the case and that such attorney be vested with full authority to make disclosure of facts, to admit and to stipulate as to undisputed facts and to waive technical requirements for admission of documents and other proofs if such waiver shall not prejudice any substantial right of the client.

*May 15:* By my order of May 6, 1952 (of which counsel for the parties had due notice) a pre-trial conference was scheduled in this case for May 14, 1952, at nine o'clock in the forenoon, in my chambers.

Counsel for the defendant (John R. Hoehl of the firm of Blackwell, Walker & Gray) appeared in my chambers at the appointed time, but counsel for the plaintiffs (Hymen Lake, Esquire) failed to appear. Because of his failure to appear it was impossible to have the scheduled pre-trial conference, and counsel for the defendant and the reporter (Miss Sonya Berlin) who had been engaged by me to stenographically record the proceedings at the conference, were subjected to inconvenience and loss of time.

The orders of this court are not to be ignored and I am of the opinion that the plaintiffs should be penalized because of the failure of their counsel to appear as required by my order of May 6, 1952.

Accordingly, the plaintiffs are required to pay, within five days after notice of this order, to Messrs. Blackwell, Walker and Gray, the attorneys for the defendant, the sum of $50 to compensate them for the inconvenience and loss of time occasioned Mr. Hoehl, and to Miss Sonya Berlin, the mentioned reporter, the sum of $10 to compensate her for her attendance.

Unless the sums required to be paid by this order are paid within the time prescribed this action will be dismissed on the application of counsel for the defendant.

---

*It is hereby certified that on May 15, 1952, a true copy of the foregoing order was mailed to each of the following named attorneys of record: Hymen Lake, Esquire, 420 Lincoln Road, Miami Beach 39, Florida; and Messrs. Blackwell, Walker and Gray, First Federal Building, Miami 32, Florida.*
*May 15, 1952.*

*S E A L*
E. B. LEATHERMAN, *Clerk.*
*By* L. A. MOORE, *Deputy Clerk.*